## Preisz v. Kile

*John P. Campana,* for plaintiffs.
*Gailey C. Keller,* for defendants.

GREEVY, *S.J.,* Specially Presiding, October 18, 1984—On May 28, 1980, a sales agreement was entered into between the Arthur Appleman Estate and Bernard L. Preisz and Marilyn D. Preisz. Said sales agreement was for the sale and purchase of property consisting of a minimum of one point five acres. In July of 1980, Willard Kile, representing the estate, Bernard L. Preisz, and Wayne Laidecker, a survey-

or, met at the property in question. Stakes were placed on the eastern boundary to approximate the land to be conveyed. Wayne Laidecker was retained by defendants to survey the plot.

After Laidecker completed the survey, he advised defendants that the land marked was one point six-nine-five acres. Laidecker was instructed by Kile to reduce the area to one point five acres. Plaintiffs were not advised of the change in the eastern boundary line. On August 8, 1980, a deed for the property was delivered to plaintiffs. The description was in accordance with the revised survey.

In November of 1981, defendants built a fence on the property line as set forth in the deed. It was at that time that plaintiffs became aware that the property line was not what they assumed it to be. Consequently, plaintiffs brought an action to reform the deed on the grounds that the deed conveyed less land than agreed upon, and the boundary was changed without his knowledge. This court entered judgment in favor of defendants. Plaintiffs filed exceptions to this order. The exceptions are now before us for resolution.

Plaintiffs except to both the findings of fact and conclusion of law of the chancellor. Specifically, plaintiffs' argue that the chancellor erred when he found that "the actions of the defendants did not constitute a fraud on the plaintiffs" (Finding of Fact No. 7; Conclusion of Law No. 4).

The chancellor's findings, where they depend upon conflicting oral evidence given by witnesses which he saw and heard, must receive great weight. Belmont Laboratories v. Heist, 300 Pa. 542, 151 Atl. 15 (1930). The doctrine of merger holds that all warranties in representation in connection with a sale or other transactions, made prior to or contemporaneous with a deed, are forever lost. Elderkin v.

Gaster, 447 Pa. 118, 288 A.2d 771 (1972). The merger of the entire agreement into the deed may be overcome by a showing of fraud. However, said showing must be clear and explicit, and lead to a satisfactory and certain conclusion.

In the case at bar, the testimony given as to the agreement reached prior to the deed was in conflict. The chancellor relied heavily upon the testimony of the surveyor who testified that the purpose of the original placement of stakes was to estimate a plot of one point five acres, and defendants who testified that the agreement was for one point five acres and that is what the deed called for and what plaintiffs received, in arriving at the findings of fact and conclusions of law.

To obtain the reformation, plaintiffs were required to show fraud, by clear and precise evidence. Mancini v. Morrow, 312 Pa. Super. 192, 458 A.2d 580 (1983). Here plaintiffs evidence was not so clear, direct, weighty and convincing as to enable the chancellor to come to a clear conviction, without hesitancy of the truth of the precise facts in issue. Plaintiffs argued that defendants instructed the surveyor "not to inform the plaintiffs of the change in dimensions of the lot". This argument was not supported by the evidence. After a review of the testimony and argument we agree with the chancellor that "(T)he plaintiffs have failed to establish fraud by the defendants by evidence that is clear, precise, convincing and satisfactory proof." Plaintiffs' exceptions are denied.

## ORDER OF COURT

And now, this October 18, 1984, plaintiffs' exceptions are hereby denied. Judgment is entered in favor of defendants and against plaintiffs. Each party to pay own costs.